# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOSEPH E. TARNOW, | ) |
| Plaintiff | ) ) ) |
| v. | )  CAUSE NO. 2:16-cv-469 JVB-PRC |
| NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Joseph E. Tarnow seeks judicial review of the Social Security Commissioner's decision denying him disability benefits and asks this Court to reverse the Defendant's denial of Plaintiff's applications for benefits and remand this the case pursuant to 42 U.S.C. § 405(g). For the reasons below, this Court affirms the Acting Commissioner's decision.

**A. Overview of the Case**

Plaintiff alleges that he became disabled on December 31, 2011. Plaintiff allegedly suffers from various chronic illnesses including migraines, diabetes mellitus, Lyme disease, anxiety and depression, as well as blindness in his right eye. Administrative Law Judge ("ALJ") Michael Carr found that Plaintiff suffered from blindness in his right eye, migraines, diabetes mellitus, Lyme's disease, an anxiety disorder, and depressive disorder. Nevertheless, the ALJ determined that Plaintiff was not disabled because he possessed the residual functional capacity (RFC) to perform other work despite his limitations. Therefore, the ALJ denied Plaintiff benefits. The

ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

## B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex. rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). A claimant may obtain review of the Commissioner's final decision in the District Court of the United States under 42 U.S.C. § 1383(c)(3). The Court must overturn an ALJ's decision where it is not supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

## C. Disability Standard

The Commissioner follows a five-step evaluation process to determine whether an individual is disabled and may claim disability benefits under the Social Security Act.

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff argues that the ALJ decision contains error of law and is not supported by substantial evidence. More specifically, Plaintiff's argues that the ALJ erred: (1) in weighing the opinion evidence; (2) by failing to properly analyze subjective symptoms; and (3) in determining the Plaintiff's RFC without substantial evidence.

*(1) The ALJ Weighed the Opinion Evidence*

The ALJ properly assessed and explained why Plaintiff's opinion evidence was given little evidentiary weight. An ALJ will give a treating physician's medical opinion controlling weight unless it is inconsistent with the other substantial evidence. 20 C.F.R. § 404.1527(c)(2). If the ALJ does not give the treating physician's medical opinion controlling weight, then the ALJ will determine what weight the treating physician's medical opinion will receive in conjunction with the length of the treatment relationship, the frequency of the examinations, and the nature and extent of the treatment relationship. 20 C.F.R. § 404.1527(c)(2)(i)-(ii). Here, the ALJ stated that the Plaintiff's treating physician's opinions were inconsistent with both the objective evidence and his own treatment notes. The ALJ also cited specific exhibits in order to further establish this finding. Therefore, the ALJ properly determined weight of the treating physician's medical opinion.

*(2) The ALJ Made a Proper Subjective Symptom Analysis*

The ALJ properly made a subjective symptom analysis. Title 20 Section 404.1529(a) of the Code of Federal Regulations states that:

> There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to

produce the pain or other symptoms alleged and that, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Here, the ALJ's considered that the Plaintiff's medical impairments could reasonably cause the alleged symptoms. The ALJ took into consideration the evidence of the Plaintiff's alleged Lyme disease, arthritis, migraines, anxiety, depression, diabetes mellitus, blindness in his right eye, and neuropathy. The ALJ also took into account the evidence of the Plaintiff's alleged symptoms, including his alleged medication symptoms. The ALJ considered all evidence and determined that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but that the Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not substantiated by objective medical evidence. Therefore, the ALJ properly made a subjective symptom analysis.

### *(3) The ALJ Did Not Err in Basing the Plaintiff's RFC on Substantial Evidence*

The ALJ based the Plaintiff's RFC with substantial evidence. An RFC is determined by analyzing the most claimants can do despite their limitations. 20 C.F.R. § 404.1545(a)(1). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means eight hours a day, for five days a week, or an equivalent work schedule. SSR 96-8p. The ALJ determines the RFC by considering all relevant evidence which includes: descriptions and observations (by claimant and third parties, including physicians) of claimant's limitations, such as pain, which go beyond symptoms; statements as to what a claimant can still do; and medical reports. *Converse v. Apfel*, 144 F. Supp. 2d 1045, 1049 (N.D. Ind. 2000) (citing 20 C.F.R. §§

404.1527(e)(2) & 404.1546). Here, the ALJ considered and weighed all substantial evidence in order to determine the Plaintiff's RFC. The ALJ considered the Plaintiff's alleged symptoms, his alleged physical impairments, his alleged mental impairments, opinion evidence given by his treating physicians, and statements made by his mother. Therefore, the ALJ properly determined the Plaintiff's RFC with substantial evidence.

**E. Conclusion**

Therefore, for the foregoing reasons, this Court affirms the Acting Commissioner's decision.

SO ORDERED on March 30, 2018.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE